IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0094-08





 

STEVEN SANCHEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J., Meyers, 
Price, Womack, Keasler, Holcomb and Cochran, JJ., joined. Keller, P.J., filed a
concurring opinion in which Womack, Holcomb and Cochran, JJ., joined. Johnson, 

J., filed a concurring opinion in which Holcomb and Cochran, JJ., joined. 


O P I N I O N 



 Appellant was convicted of the Class B misdemeanor offense of possession of less than 28
grams of a Penalty Group 4 controlled substance (codeine). (1) We granted discretionary review to
address the legal sufficiency of the evidence to support an element of this offense. (2)

 Section 481.105(1) of the Texas Health and Safety Code (also known as the Texas Controlled
Substances Act), in relevant part, defines a Penalty Group 4 controlled substance as a substance
containing "not more than 200 milligrams of codeine per 100 milliliters or per 100 grams" and "one
or more nonnarcotic active medicinal ingredients in sufficient proportion to confer on the
compound, mixture, or preparation valuable medicinal qualities other than those possessed
by the narcotic drug alone." (Emphasis supplied). (3) The record in this case reflects that appellant
was a passenger in a car that was stopped by a police officer (Hobbs), who eventually seized a plastic
baby bottle from under the seat where appellant had been sitting. The officer testified at appellant's
trial that the baby bottle contained a thick, red, liquid substance with a "mediciney" smell that the
officer believed was "liquid codeine."

 A chemist (Chu), who tested the liquid substance in the baby bottle, testified that the total
weight of the substance was less than 28 grams and that the substance was "[m]ost likely . . . cough
syrups" containing less than "200 milligrams per 100 mil" of codeine (a narcotic) and a nonnarcotic
ingredient named Promethazine. (4) Chu testified that Promethazine is a "typical medicine" that "on
its own has a valuable medicinal quality" as a cough suppressant that is usually added to cough
syrups. Chu also testified that he did not quantify the amount of Promethazine that was in the
substance.

 Q. [STATE]: What about Promethazine?


 A. [CHU]: Promethazine is a typical medicine that is being prescribed by the
physicians for the typical cough in patients.

* * *

 Usually you can see the contents in this bottle it is a liquid. It is like a syrup material. 
Most likely which we call cough syrups and cough syrups contain four compounds
which is sugar, glucose, alcohols, which is ethanol, Promethazine and codeines. 
Usually the cough syrups, the concentration of codeine will last [sic] 200 milligrams
per 100 mil.

* * *

 Q. [DEFENSE]: Mr. Chu, were you able to determine the amount of Promethazine
that was in the bottle?


 A. No, in the laboratory we don't perform quantifications on the Promethazine as
well as codeine.

* * *

 Q. Since you don't have enough information to quantify how much Promethazine
was in that solution, you cannot testify to the jury and tell them whether or not the
Promethazine had a valuable medicinal quality, can you?


 A. Yes. Promethazine has been identified in this syrup.


 Q. And Promethazine on its own has a valuable medicinal quality, doesn't it?


 A. It has.

* * *

 Q. Do you know what is the purpose of Promethazine?


 A. Usually it is added to cough syrups to ease the (unintelligible) and anti-inflammatory.


 Q. And as a doctor when you prescribe cough syrup, the reason that you are
prescribing that either can be to suppress the cough and have the respiratory functions
of an individual not be inflamed. Is that right?


 A. For medical purpose?


 Q. Yes, sir, medical purpose. My question, though, sir, is you know that that is what
Promethazine is prescribed for, correct?


 A. Yes.


 The court of appeals decided that the evidence is legally insufficient to support the elemental
finding that the Promethazine "was in sufficient proportion to confer on the [substance] valuable
medicinal qualities," because Chu failed to quantify the amount of Promethazine in the substance. (5) 
The court of appeals' opinion states:

 The State was required to prove, as one of the elements of the offense, that the
nonnarcotic active medicinal ingredient was in sufficient proportion to confer on the
mixture valuable medicinal qualities other than those possessed by the codeine alone. 
Chu testified repeatedly that he was not able to quantify the Promethazine in the
substance. Without such quantification, his testimony does no more than establish
the mere presence of Promethazine. Thus the State has failed its burden to prove that
Promethazine was in the mixture in sufficient proportion to confer on the mixture
valuable medicinal qualities other than those possessed by the codeine alone. (6)


 We exercised our discretion to review this decision. The grounds upon which we granted
review state:

 1. Is the State required to prove the numerical concentration of the nonnarcotic
ingredient in a Penalty Group Four codeine mixture under Health and Safety Code
section 481.105(1) to establish that it is "in sufficient proportion to confer" on the
mixture valuable medicinal qualities other than those possessed by the codeine
alone?


 2. Did the Court of Appeals err in holding that the State presented legally insufficient
evidence that appellant possessed a Penalty Group Four codeine mixture because the
chemist did not assign a numerical concentration to the nonnarcotic ingredient
despite his testimony that the syrup contained codeine and Promethazine, the
Promethazine possessed valuable medicinal qualities apart from the codeine as an
anti-inflammatory and a cough suppressant, and Promethazine is a dangerous drug
prescribed by physicians?

 

 The State argues that the court of appeals improperly held that only a quantification of the
nonnarcotic ingredient, Promethazine, could meet the "in sufficient proportion to confer on the
[substance] valuable medicinal qualities" element of Section 481.105(1). The State argues:

 The jury could have reasonably inferred that the Promethazine was in sufficient
proportion to confer on the compound valuable medicinal qualities apart from the
codeine because the Promethazine had such qualities "on its own[.]" [Chu] described
the substance in the baby bottle as a basic cough syrup, and he explained the
medicinal purpose of the Promethazine in it. [Footnote omitted]. The jury rationally
inferred from his testimony that the Promethazine was in sufficient proportion to
perform its intended function in the basic cough syrup. [Footnote omitted]. The State
met its burden of proving the Promethazine was "in sufficient proportion to confer
on the compound, mixture and preparation valuable medicinal qualities other than
those possessed by the narcotic drug alone[.]"


 We agree. The officer (Hobbs) who seized the baby bottle testified that the thick, red, liquid
substance in the bottle had a "mediciney" smell. The chemist (Chu) testified that this substance
contained codeine ("less than 200 milligrams [of codeine] per 100 mil.") and Promethazine, which,
according to Chu, "on its own has a valuable medicinal quality" as a nonnarcotic cough-suppressant
compound that is usually found in cough syrups or cough medicines. (7) A jury could rationally find
that the Promethazine (whatever its quantity in the substance) was "in sufficient proportion to confer
on the [substance] valuable medicinal qualities." Chu's testimony did not, as the court of appeals
decided, establish just the mere presence of Promethazine. Rather, Chu's testimony established the
presence of Promethazine that "on its own has a valuable medicinal quality." Evidence that the
Promethazine in the substance "on its own has a valuable medicinal quality" is sufficient to support
a finding that it was "in sufficient proportion to confer on the [substance] valuable medicinal
qualities." Under these circumstances, the State was not required to quantify the Promethazine in
the substance.

 We also note that Chu did not testify that a failure to quantify the Promethazine in the
substance made him unable to say whether the Promethazine conferred "valuable medicinal
qualities" on the substance. We also disagree with the suggestion in the court of appeals' opinion
that quantifying the Promethazine might have, standing alone, been sufficient to prove the "in
sufficient proportion to confer on the [substance] valuable medicinal qualities" element of the
offense. The amount of Promethazine in the substance, standing alone, would not have established
that it conferred valuable medicinal qualities on the substance. (8) This would have established just
the mere presence of Promethazine in the substance. 

 The judgment of the court of appeals is reversed, and the case is remanded there for further
proceedings.


 Hervey, J.

Delivered: January 28, 2009

Publish
1. See Tex. Health & Safety Code Ann. §§ 481.105(1), 481.118(a),(b), (Vernon 2003).
2. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (legal-sufficiency appellate standard of
evidentiary review requires the reviewing court to view the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt).
3. Section 481.105(1) states:


 Penalty Group 4 consists of:

 (1) a compound, mixture, or preparation containing limited quantities of any of the
following narcotic drugs that includes one or more nonnarcotic active medicinal
ingredients in sufficient proportion to confer on the compound, mixture, or
preparation valuable medicinal qualities other than those possessed by the narcotic
drug alone:

 not more than 200 milligrams of codeine per 100 milliliters or per 100 grams . . . .
4. See Dudley v. State, 58 S.W.3d 296, 299-301 (Tex.App.-Beaumont 2001, no pet.) (deciding
that similar chemist testimony was legally sufficient "with regard to the qualitative concentration of
codeine in relation to the other active nonnarcotic medicinal ingredient" for purposes of possession
of Penalty Group 4 codeine). 
5. 

 See Sanchez v. State, No. 01-06-00210-CR, 2007 Tex. App. LEXIS 8732, at *11-12 
(Tex.App.--Houston [1st Dist.] Nov. 1, 2007). 
6. 

 Id.
7. It appears that appellant possessed a codeine-based cough medicine or syrup without a valid
prescription. See § 481.118(a) (making it an offense for a person to knowingly or intentionally
possess a Penalty Group 4 controlled substance "unless the person obtained the substance directly
from or under a valid prescription or order from a practitioner acting in the course of practice");
http://www.drugs.com/cdi/promethazine-codeine-syrup.html (describing a Promethazine/Codeine
cough syrup used for treating cough and other respiratory symptoms caused by allergies or the
common cold); http://en.wikipedia.org/wiki/Promethazine ("Promethazine is sometimes used as a
recreational drug in conjunction with codeine in prescription cough syrup."). 
8. For example, testimony from Chu that the substance contained "200 milligrams per 100 mil."
of Promethazine would not have, by itself, proved that the Promethazine was "in sufficient
proportion to confer on the [substance] valuable medicinal qualities."